UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEO RUSSO, both individually and on behalf of a class of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE COUNTY OF ALLEGHENY, <br><br> Defendants. | **CLASS ACTION COMPLAINT** <br><br> Civil Action Number: <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

This is a class action brought to redress the deprivation by Allegheny County ("Defendant") of rights secured to Leo Russo ("Plaintiff") and the proposed Class by the Constitution of United States of America. Detainees at the Allegheny County Jail enjoy privacy protections in their health information no different than ordinary citizens. Allegheny County, through the booking procedures at the Allegheny County Jail, is ignoring those rights, and causing substantial harm to members of the proposed class. Specifically, for the past several years, Allegheny County has required detainees at the Allegheny County Jail to detail information about their health conditions, including their mental health, as part of the booking process for new detainees. While requesting health information is a normal part of the booking process at any local jail, what is not normal is for detainees to be required to detail that information to health providers in groups. At the Allegheny County Jail, detainees sit in a room with several other detainees, and are questioned about their private health information. Detainees with HIV, Hepatitis, mental

1

illness, venereal disease and any number of medical conditions are required to detail their health history sitting within earshot of several other detainees. Obviously, no one wants their private health information available to other detainees, who will undoubtedly share that information when being placed into a housing unit. There is no justification, much less a legitimate penological justification, for this pattern and practice. There are also a number of *de minimus* alternatives to the County's practices here. Detainees should have the right, just like anyone else, to discuss their health information with a medical provider in private; it would not be a significant imposition to allow them to do so.

This lawsuit seeks to address these illegal practices, and put an end to them. Plaintiff seeks monetary damages from Defendant for himself and each member of the Proposed Classes, a declaration that Defendant's policies are unconstitutional and an injunction precluding Defendant from continuing to violate the rights of those placed into the custody of the Allegheny County Jail. With this as a background, Plaintiff Leo Russo complains as follows:

**JURISDICTION**

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. §2201, as it is filed to obtain declaratory relief relative to the constitutionality of the policies of a local government.

2. Venue is proper under 28 U.S.C. § 1391(e)(2) because a substantial part of the events or omissions giving rise to Plaintiff's and Class claims occurred within this judicial district.

## PARTIES

3. Defendant County of Allegheny is a county government organized and existing under the laws of the State of Pennsylvania. At all times relevant hereto, Allegheny County, as well as its agents, servants, and employees, was responsible for the polices, practices, supervision, implementation and conduct of all matters pertaining to the Allegheny County Jail, as well as for the appointment, training, supervision, and conduct of all Allegheny County Jail personnel.

4. The County of Allegheny's principal place of business is 101 County Courthouse, 436 Grant Street, Pittsburgh, PA. The Allegheny County Jail is located at 950 Second Avenue, Pittsburgh, PA 15219

5. Plaintiff Leo Russo is a citizen of the United States, and currently resides in Greene County, Pennsylvania.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action pursuant to Rules 23(b)(1), 23(b)(2), 23(b)(3) and 23(c)(4)(a) of the Federal Rules of Civil Procedure on behalf of himself and a class, including one subclass, of similarly situated individuals admitted to the custody of the Allegheny County Jail during the proposed class period.

7. Specifically, the Class that Plaintiff seeks to represent is defined as follows:

> All detainees who have been or will be placed into the custody of the Allegheny County Jail who were also interviewed about their medical history and/or medical conditions. The class period commences on January 22, 2016 and extends to the date on which Allegheny County is enjoined from, or otherwise ceases, enforcing its policy, practice, and custom of interviewing detainees about their medical history and/or medical conditions in the absence of appropriate private interviews. Specifically excluded from the Class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees, or assignees.

8.  This action has been brought and may properly be maintained as a Class Action under Federal Law and satisfies the numerosity, commonality, typicality, and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

9.  The members of the Class are so numerous as to render joinder impracticable. Upon information and belief, there are thousands of citizens who are placed into custody of the Allegheny County every month – most, if not all, of whom are members of the Proposed Class. Upon information and belief, the size of each of the Proposed Class totals at least tens of thousands of individuals, some of whom have had their civil rights violated on multiple occasions.

10. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of Class Members and the fact that Class Members are likely dispersed over a large geographical area, with some members presently residing outside of the Commonwealth of Pennsylvania and this Judicial District. Furthermore, upon information and belief, many members of the Class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

11. Common questions of law and fact exist as to all members of the Class, in that all members of the class had their right to medical privacy violated by Defendant's policy, custom or practice of interviewing detainees about their medical history and/or medical condition in a non-private setting, and in the company of other detainees. All members of the Class were placed into the custody of the Allegheny County Jail, and were interviewed by Allegheny County employees (Corrections Officers, Nurses) in a public setting, where class members were required to describe their medical conditions in front of other detainees.

12. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class sustained damages arising out of Defendant's course of conduct. The harms suffered by the Plaintiff are typical of the harms suffered by the members of the Class.

13. The representative Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to the interests of the members of the Class.

14. Plaintiff has retained counsel with substantial experience in the prosecution of class action and civil rights litigation, including successful litigation of civil rights cases. Plaintiff's counsel has the resources, expertise, and experience to successfully prosecute this action against Allegheny County. Counsel for the Plaintiff knows of no conflicts among members of the Classes or between counsel and members of the Classes.

15. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiff seeks Class Certification under Fed. R. Civ. P. 23(b)(2), in that all Members of the Proposed Class were subjected to the same policies and actions of the Defendant. In

short, Allegheny County personnel acted on grounds generally applicable to all members of the Class.

16. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiff seeks certification under Rule 23(b)(3).

17. Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual member of the class. These common questions include: whether Defendant's written and/or *de facto* policy of conducting public interviews of detainees regarding their medical history and/or medical condition is unconstitutional; and whether such written and/or *de facto* policies existed during the Class period.

18. A Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the Class is impracticable given the large number of members of the Class, and the fact they are dispersed over a large geographical area. Furthermore, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a Class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

19. Upon information and belief, there are no other actions pending to address the Defendant's flagrant violation of the civil rights of tens of thousands of individuals,

even though upon information and belief the Defendant has maintained its illegal practices for several years.

20.     In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiff also seeks partial certification under Fed. R. Civ. P. 23(c)(4).

## FACTS

### Facts Applicable to the Class

21.     The Constitution of the United States recognized an inherent right to privacy, including the right to avoid disclosure of personal matters.  In case precedent from the United States Court of Appeals, this right includes protect against the disclosure of medical information, which may contain intimate facts of a personal nature.

22.     Obviously, class members who are questioned about their medical history and/or medical conditions are often required to provide intimate details about their private life, including transsexualism, HIV status, past instances of mental illness and suicide attempts, and a discussion of debilitating medical conditions.  This is obviously the sort of private information that anyone would want to keep private.

23.     The Plaintiff acknowledges that detailing medical information and medical conditions to medical professionals at the Allegheny County Jail is important and necessary.  It is completely unnecessary, however, for detainees, such as the Plaintiff and members of the proposed class, to have to detail their highly personal medical information in front of other detainees, some of whom they will ultimately be housed with.  This policy, pattern and/or custom of Allegheny County is patently unconstitutional, and completely unnecessary.  There is no reason why detainees at the Allegheny County Jail cannot detail their medical history and/or medical conditions to a nurse in private, so that their privacy

interest in their medical situation can be respected. Such a procedure can easily be accomplished at the Allegheny County Jail with minimal effort from jail and medical staff.

24.     Upon information and belief, Allegheny County has instituted a written and/or *de facto* policy, custom or practice of conducting medical interviews of detainees asking them to detail their medical history and/or medication conditions, for all detainees admitted to the custody of the Allegheny County Jail, and in the absence of appropriate personal privacy. These interviews are, upon information and belief, conducted in the Allegheny County Jail booking area, in a common room with six chairs. The nurse then proceeds to interview 4 – 5 detainees at a time regarding their medical conditions and/or medical history. This room has no privacy partitions, and detainees line up at a desk to be interviewed by a nurse, who is an employee of Allegheny County, and an Allegheny County Corrections Officer. What is said by one detainee can be heard across this small room by anyone else who is in the room, including corrections officers and the other detainees who are also waiting to be questioned. This procedure is uniformly applied by Allegheny County on all detainees who are admitted to its custody, and class members can be identified by their identity on the medical forms generated upon their admission to the Allegheny County Jail.

25.     Allegheny County knows that it may not institute, enforce, or permit enforcement of a policy or practice violating the privacy rights to detainees at the Allegheny County Jail by requiring them to detail their medical history and/or medical conditions in front of other detainees and corrections officers who have no legitimate need to know that information.

26.     Allegheny County's policies, practices, and customs, as addressed above, are both offensive and absurd—not to mention unlawful—considering the important

8

privacy interests that detainees enjoy as it relates to their medical privacy. Defendant's written and/or *de facto* policies, practices and customs mandating the blanket strip searches of detainees has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

27.   Pursuant to these written and/or *de facto* policies, each member of the Class, including Plaintiff, was required to detail their private medical information to medical and/or corrections staff in the company of other detainees who could hear the questioning. Seeking medical information in this way from detainees at a local jail is patently unreasonable, as there is absolutely no justification for a detainee to have to detail their private medical history in front of other detainees. They also were unreasonable given more dignified alternatives, including allowing detainees to detail their medical history to a nurse or other medical professional in private.

28.   As a direct and proximate result of the medical interviews conducted pursuant to these written and/or *de facto* policies, the victims of the unlawful practices – each member of the Class, including Plaintiff – has suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

### Facts Application to the Named Plaintiff Leo Russo

29.   Plaintiff Leo Russo resides in Greene County, Pennsylvania. On or about December 14, 2016, Mr. Russo was admitted to the custody of the Allegheny County Jail on a parole violation.

33.   Shortly after his admission to the Allegheny County Jail, Mr. Russo was taken into a room with four other detainees, and asked questions about his medical history and medical conditions. All five detainees, including Mr. Russo, waited in this room until

a nurse and a Corrections Officer came in to begin the questioning. Mr. Russo refused to answer these health-related questions in front of other detainees, and was later given a direct order from a Corrections Sergeant to do so.

34. Mr. Russo proceeded to detail his medical history to a Corrections Nurse in front of four other detainees. Mr. Russo was forced to detail his history of mental illness, and the severity of that illness, as well as other medical information, in front of other detainees. In the interest of protecting Mr. Russo's privacy in this publicly filed document, these embarrassing conditions will not be detailed.

35. Detailing this information in the company of other detainees, all of whom were strangers, caused Mr. Russo extreme embarrassment and distress.

## CAUSE OF ACTION

### Violation of the Constitutional Right to Privacy

36. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

37. The United States Constitution provides citizens with an inherent right to privacy, with that privacy interest being especially pronounced in the state of one's health. A person's medical records are entitled to special protection, and can only be revealed to others with a compelling justification.

39. The actions of Defendant detailed above violated the Plaintiff's rights under the United States Constitution. Simply put, it was not objectively reasonable for Allegheny County Jail personnel to require detainees to detail their protected health information in front of other detainees, who have no business learning this information.

40. This medical interview regimen was conducted pursuant to the policy, custom or practice of Allegheny County. Both the Corrections Officers involved, and the Corrections Nurses, are employees of Allegheny County. As such, Allegheny County is directly liable for the damages of Plaintiff and members of the Class.

41. Defendant Allegheny County is responsible for establishing the procedures utilized in the Allegheny County Jail, and is further responsible for the implementation of written policies at these facilities.

42. This conduct on the part of Defendant represents a violation of 42 U.S.C. § 1983, given that the actions of the Allegheny County Jail personnel were taken under color of state law.

43. As a direct and proximate result of the unconstitutional acts described above, Plaintiff and the members of the Class have been irreparably injured.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Leo Russo, on behalf of himself and on behalf of others similarly situated, request that this Honorable Court grant them the following relief:

1. An order certifying this action as a Class Action pursuant to Fed. R. Civ. P. 23.

2. A judgment against Defendant Allegheny County on the Causes of Action detailed herein, awarding compensatory damages to Plaintiff and each Member of the Proposed Classes in an amount to be determined by a jury and/or the Court on both an individual and a Class-wide basis.

3. A declaratory judgment against the Defendant declaring the Defendant's policies, practices and customs to be unconstitutional, and otherwise improper.

4. A preliminary and permanent injunction enjoining the Defendant from continuing to enforce its unconstitutional and unlawful policies, customs, and practices.

5. A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated:  January 22, 2018

_____
Elmer Robert Keach, III, Esquire
Member of the Bar, USDC, WDPa.
Maria K. Dyson, Esquire
Motion for Permanent Admission to Be Filed
LAW OFFICES OF ELMER ROBERT
  KEACH, III, PC
One Pine West Plaza, Suite 109
Albany, NY  12205
518.434.1718
bobkeach@keachlawfirm.com

/s D. Aaron Rihn, Esquire

_____
D. Aaron Rihn, Esquire
ROBERT PEIRCE & ASSOCIATES, PC
707 Grant Street, Suite 2500
Pittsburgh, PA  15219
412.281.7229
arihn@peircelaw.com


Nicholas Migliaccio, Esquire
Member of the Bar, USDC, WDPa.
Jason Rathod, Esquire
Member of the Bar, USDC, WDPa.
MIGLIACCIO & RATHOD, LLP
412 H Street, NE, Suite 302
Washington, DC  20002
202.470.3520
nmigliaccio@classlawdc.com

**ATTORNEYS FOR PLAINTIFF AND PROPOSED CLASS**